[No. 56298–9.  En Banc.  January 10, 1991.]

THE CITY OF KENNEWICK, *Petitioner,* v. MICHELLE M. FOUNTAIN, *Respondent.*

190

*William L. Cameron, City Attorney*, for petitioner.

*Peter P. Moore, Steven N. Vlcko*, and *Cowan, Walker, Jonson, Moore, Nickola & Heye*, for respondent.

GUY, J.—Respondent was charged with aiding and abetting the crime of driving while under the influence of alcohol pursuant to RCW 46.64.048. She moved to dismiss, alleging that RCW 46.61.675 defines the same offense as the statute under which she was charged, but provides for a less harsh penalty. Thus, because the prosecutor allegedly has

the unbridled discretion to choose between the two, and had chosen the one with the harsher penalty, respondent contends her right to equal protection was violated. Both the District and Superior Courts agreed and dismissed the charge. This court accepted direct review and reverses.

## FACTS

On July 14, 1988, Kennewick police stopped respondent Fountain's car. She was a passenger in the car and had directed the driver, who was a friend she met at a bar, to take her car and drive her home. Both she and the driver were intoxicated. The driver was charged with driving while under the influence of alcohol. Subsequently, Fountain was charged with aiding and abetting the crime of driving while under the influence of alcohol pursuant to RCW 46.64.048.

On August 12, 1988, the Benton County District Court dismissed the charge as a violation of Fountain's right to equal protection. The Superior Court affirmed and remanded her case back for trial as a traffic infraction. It reasoned that former RCW 46.64.048[1] and RCW 46.61.675[2] appear to substantially define the same offense but provide different punishment for the same conduct of an individual. A violation of the former establishes accomplice liability as a crime, while a violation of the latter establishes accomplice liability as a traffic infraction (civil). Because the prosecutor could proceed under either, Fountain maintains her right to equal protection was violated.

---

[1]Former RCW 46.64.048 provides: "Every person who commits, attempts to commit, conspires to commit, or aids or abets in the commission of any act declared by this title to be a crime, whether individually or in connection with one or more other persons or as principal, agent, or accessory, shall be guilty of such offense, and every person who falsely, fraudulently, forcefully, or wilfully induces, causes, coerces, requires, permits or directs others to violate any provision of this title is likewise guilty of such offense."

[2]RCW 46.61.675 provides: "It shall be unlawful for the owner, or any other person, in employing or otherwise directing the operator of any vehicle to require or knowingly to permit the operation of such vehicle upon any public highway in any manner contrary to the law."

ANALYSIS

Both statutes at issue appear to have been originally enacted to deal with different circumstances. RCW 46.61-.675 was primarily intended to establish owner accomplice liability for the unlawful operation of a motor vehicle. Former RCW 46.64.048 was enacted to establish individual and joint liability for assisting in the commission of crimes in general. Under certain circumstances, such as those arising in Fountain's case, an individual conceivably could be charged under either statute. Prior to July 1, 1980, this would have resulted in the same punishment and, therefore, no unequal application of the law. Thus, there could be no equal protection violation.

However, in an effort to decriminalize certain traffic offenses, the Legislature enacted RCW 46.63.010 and RCW 46.63.020, both effective as of July 1, 1980. *See* Laws of 1979, 1st Ex. Sess., ch. 136, § 111, p. 1478. The former establishes the Legislature's intent to decriminalize certain traffic offenses. The latter provides a list of all those statutory offenses excepted from decriminalization. Former RCW 46.64.048 is contained in this list; RCW 46.61.675 is not.

This provides the basis for Fountain's challenge. She argues that former RCW 46.64.048 and RCW 46.61.675 define the same offense except that the former provides for a harsher penalty. She maintains the prosecutor had the unfettered discretion to charge her under either statute, with no rational basis for doing so, and chose the one with the harsher penalty. This, she argues, violates her right to equal protection.

We disagree. Fountain relies upon *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970) to support her position. *Zornes* holds that under the Fourteenth Amendment and Const. art. 1, § 12, acts defining the same offense for the same conduct but prescribing different punishments violate an individual's right to equal protection. *Zornes,* at 21.

■ *Zornes* is inapplicable for two reasons. First, the later case of *United States v. Batchelder,* 442 U.S. 114, 60

L. Ed. 2d 755, 99 S. Ct. 2198 (1979) overrules *Zornes* as to analysis under the Fourteenth Amendment. In *Batchelder,* the Supreme Court reasoned that a prosecutor's ability to choose between similar statutes was not unfettered. *Batchelder,* at 124–25. While selectivity in the enforcement of criminal laws is subject to constitutional constraints, the ability to choose to proceed under identical statutes prescribing different penalties does not empower the government to predetermine ultimate criminal sanctions. *Batchelder,* at 125. Nor is there an appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion exercised when choosing one of two statutes with identical elements. *Batchelder,* at 125. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. *Batchelder,* at 125. The prosecutor may be influenced by the penalties available upon conviction; but this fact, standing alone, does not give rise to a violation of the equal protection clause. *Batchelder,* at 125.

Second, even applying *Zornes,* Fountain would have suffered no equal protection violation. Her argument is premised upon the existence of two statutes having the same elements. Where the elements are similar, presumably the prosecutor is confronted with no considerations as to under which statute to proceed. Thus, the prosecutor's discretion is allegedly unfettered. *See Zornes,* at 23; *State v. Canady,* 69 Wn.2d 886, 421 P.2d 347 (1966). However, no equal protection violation occurs when the crimes the prosecutor has the discretion to charge require proof of different elements. *In re Taylor,* 105 Wn.2d 67, 68, 711 P.2d 345 (1985). In this instance, the prosecutor's discretion is limited by consideration of which elements under the respective statutes can be proved.

The crucial factor implicit in *Zornes* is the existence of some consideration confronting the prosecutor so that a choice between two statutes is not indiscriminate.

Just as different elements satisfy this requirement, so too do different burdens of proof.

In Fountain's case, the requisite burden as to accomplice liability for a civil infraction under RCW 46.61.675 is a preponderance of the evidence. RCW 46.63.060(2)(f). In contrast, accomplice liability for a crime under former RCW 46.64.048 must be proved beyond a reasonable doubt. *See State v. Putzell*, 40 Wn.2d 174, 180, 242 P.2d 180 (1952); *see also State v. Keating*, 30 Wn. App. 829, 832, 638 P.2d 624 (1981). Because the burden of proof under the latter is a much more difficult burden to sustain, the prosecutor must reconcile the strength of his case before proceeding. The prosecutor's discretion would be limited by this consideration; thus, there would be no equal protection violation.

## CONCLUSION

Prosecutors are given broad discretion in determining what charges to bring and when to file them. *State v. Dixon*, 114 Wn.2d 857, 862–63, 792 P.2d 137 (1990); *State v. Lidge*, 111 Wn.2d 845, 850, 765 P.2d 1292 (1989) (citing *State v. Judge*, 100 Wn.2d 706, 713, 675 P.2d 219 (1984)). However, such discretion does not provide them with the power to predetermine that the sanctions sought will ultimately be imposed. Unfettered discretion in this sense is of little consequence to the actual outcome. Fountain advocates an unnecessary retreat from the established principle of broad prosecutorial discretion. We decline to do so and adopt the rationale set forth in *Batchelder*. To the extent this decision conflicts with *State v. Zornes, supra, Zornes* is inapplicable. Thus, we hold that Fountain suffered no equal

protection violation. The decision of the trial court is reversed and this case remanded.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., concur.