[No. 26186-0-I.   Division One.   September 9, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. DARRYL EARL WILLIAMS, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Mark Saltvig, Deputy,* for appellant.

*Joshua Weinstein* and *Dennis Benjamin* of *Washington Appellate Defender Association,* for respondent.

SCHOLFIELD, J. — The State of Washington appeals the trial court's dismissal of charges against Darryl Earl Williams for possession of a controlled substance, in violation of RCW 69.50.401(d). We reverse.

## FACTS

On October 9, 1989, at 4:55 p.m., Seattle Police Officers Little and Koutsky were on patrol on bicycles in the Central District at 20th and East Fir, an area of high narcotics activity. The officers saw Darryl Williams and two other adults talking to a juvenile, Andri Bland, who was showing them something in his hand.

As the officers approached, Bland placed the contents of his hand into his mouth. The officers also saw a metal pipe in Williams' hand and recognized it as one typically used to smoke cocaine. The officers examined the pipe and noticed black residue in the bowl of the pipe. They knew that when cocaine is burned, a black residue is created. The officers then took Williams and Bland into custody.

While in custody, Williams told the officers that he had intended to buy cocaine from Bland. Williams also told the officers that he had been using cocaine for 2 years. Williams was searched at the police station. Other than the residue contained in the pipe, no cocaine was found on Williams.

The Washington state crime lab analyzed the black residue in the pipe and found it to contain cocaine. The lab did not weigh the residue. The substance recovered from Bland was found to be cocaine.

On December 29, 1989, Williams was charged by information with possession of cocaine in violation of the Uniform Controlled Substances Act, RCW 69.50.401(d).[1] Williams moved to dismiss the charges, and the trial court granted the motion following a May 30, 1990, hearing. The trial court reasoned that RCW 69.50.412, governing use of drug paraphernalia, and RCW 69.50.401(d), governing possession of controlled substances, were concurrent statutes, with the former being special and the latter being general. The court stated that, under RCW 69.50.412(1), the Legislature intended the presence of residue in an item of drug paraphernalia to be evidence only of a paraphernalia violation. For that reason, the court ruled that the appropriate charge against Williams was use of drug paraphernalia, in violation of RCW 69.50.412(1). The court therefore dismissed the charges brought pursuant to RCW 69.50.401(d) without prejudice to the filing of charges for a violation of the drug paraphernalia statute. This appeal followed.

SPECIAL/GENERAL RULE OF STATUTORY CONSTRUCTION

■■ Where a special statute punishes conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute. *State v. Shriner*, 101 Wn.2d 576, 681 P.2d 237 (1984); *State v. Cann*, 92 Wn.2d 193, 197, 595 P.2d 912 (1979). The determining factor in deciding whether two statutes are concurrent is whether each violation of the special statute results in a violation of the general statute. *Shriner*, at 580; *State v. Hupe*, 50 Wn. App. 277, 279-80, 748 P.2d 263, *review denied*, 110 Wn.2d 1019 (1988).

---

[1] Cocaine is listed as a Schedule II controlled substance under RCW 69.50-.206(b)(4).

RCW 69.50.401(d) prohibits the possession of controlled substances:

It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both, . . ..

There is no minimum amount of narcotic drug which must be possessed in order to sustain a conviction. *State v. Larkins*, 79 Wn.2d 392, 394, 486 P.2d 95 (1971) (construing former statute prohibiting illegal possession of a narcotic drug, RCW 69.33.230).

The use, delivery, and advertisement of drug paraphernalia is prohibited under RCW 69.50.412. Relevant portions of that statute state as follows:

(1) It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. Any person who violates this subsection is guilty of a misdemeanor.

A detailed definition of the various types of drug paraphernalia is contained in RCW 69.50.102. Subsection (b) of that statute lists a series of factors that may be considered in determining whether an object is drug paraphernalia:

(b) In determining whether an object is drug paraphernalia under this section, a court or other authority should consider, in addition to all other logically relevant factors, the following:

(1) Statements by an owner or by anyone in control of the object concerning its use;

. . . .

(4) The proximity of the object to controlled substances;

(5) *The existence of any residue of controlled substances on the object*;

(Italics ours.) RCW 69.50.102(b).

In a given case, it is conceivable that the facts may support a charge for use of paraphernalia, even though there is no evidence of controlled substance possession. Possession of controlled substances, though implied through use of paraphernalia, is not an element of RCW 69.50.412(1).[2]

Williams argues, however, that every violation of the paraphernalia statute that results in controlled substance residue being left on paraphernalia necessarily amounts to a violation of both RCW 69.50.401(d) and RCW 69.50.412(1). This could be true, we suppose, if all persons charged under the paraphernalia statute were also in possession of the paraphernalia they were suspected of using. However, the defendant need not be found in possession of drug paraphernalia in order to be charged under RCW 69.50.412(1).

For example, a defendant could be lawfully detained for questioning following his involvement in a car accident. The defendant could admit to recently attending a party where he used drug paraphernalia to inject controlled substances. Although no controlled substances or paraphernalia are found in the defendant's possession, his behavior and appearance may be consistent with recent controlled substance use, tests of his blood could confirm the presence of controlled substances, and recent injection marks could be found on his arm. Among other offenses, the defendant could be prosecuted for using drug paraphernalia to inject controlled substances, although it could not be established that he was in possession of either drug paraphernalia or controlled substances.[3]

---

[2]Nor is possession of controlled substances an element under any of the other subsections of the statute. *See* RCW 69.50.412(2), (3), and (4). Subsection (2) prohibits the delivery of drug paraphernalia; subsection (3) forbids persons 18 years of age or older from delivering drug paraphernalia to those who are under 18 and at least 3 years younger than the person delivering the paraphernalia, and subsection (4) prohibits the advertisement of drug paraphernalia.

[3]We note that proof that a defendant is under the influence of a controlled substance is not sufficient to establish possession of that substance. *See State v.*

There are no doubt other situations where the evidence may establish that a defendant was under the influence of controlled substances at the time of his arrest, although no paraphernalia or controlled substances are found. Nevertheless, such evidence creates an inference that drug paraphernalia was used to ingest the controlled substances.

It is thus possible, we believe, to violate RCW 69.50-.412(1) without violating RCW 69.50.401(d). Williams argues, however, that this test merely provides a sufficient, not a necessary, precondition for concurrent statutes. Williams contends that in *State v. Cann, supra,* the court held that the offenses of criminal solicitation, RCW 9A.28.030, and promoting prostitution, RCW 9A.88.080, were concurrent, although it was theoretically possible to commit the latter offense without committing the former. The court reached this result in *Cann,* Williams argues, by focusing only on the particular conduct at issue in the case, and not whether the general statute was violated in all instances where the special statute was violated.

The *Cann* decision states that in determining whether two statutes are concurrent, the ultimate question to be resolved is whether the statutes address the same conduct. *See Cann,* at 197. *See also Shriner,* at 580. The court's more recent decision in *Shriner,* however, provides that the controlling test for resolving this question is as follows:

> The determining factor is that the statutes are concurrent in the sense that the general statute will be violated in *each instance* where the special statute has been violated.

(Italics ours.) *Shriner,* at 580. As is clear from *Shriner,* the deciding factor is not whether a defendant's specific conduct violates both the special and general statute. Rather, the special statute will supersede the general only "[s]o long as it is *not possible* to commit the special crime

---

*Hornaday,* 105 Wn.2d 120, 125, 713 P.2d 71 (1986) (once a narcotic is injected into the vein, or swallowed orally, it is not considered in the individual's control for purposes of possession).

without also committing the general crime". (Italics ours.) *Shriner*, at 583. Since *Shriner*, our decisions on this question have consistently stated this rule,[4] and we regard it as the proper approach to be followed here.

As was demonstrated previously, a defendant may violate the paraphernalia statute, RCW 69.50.412(1), although his conduct does not violate the statute prohibiting possession of controlled substances, RCW 69.50-.401(d). We therefore conclude that the two statutes are not concurrent.

### EQUAL PROTECTION

Williams also contends that his right to equal protection was violated here by the State's decision to charge him with possession of controlled substances under RCW 69.50.401(d). We disagree.

■ Equal protection is violated when two statutes declare the same acts to be crimes, but the penalty is more severe under one statute than the other. *State v. Leech*, 114 Wn.2d 700, 711, 790 P.2d 160 (1990). There is no equal protection violation, however, when the crimes the prosecutor has the discretion to charge have different elements. *Leech*, at 711; *Kennewick v. Fountain*, 116 Wn.2d 189, 193, 802 P.2d 1371 (1991). In this situation, the prosecutor's discretion is limited by consideration of which elements can be proved under the respective statutes. *Fountain*, at 193.

In the present case, RCW 69.50.401(d) and RCW 69.50.412(1) contain different elements. Only the latter offense requires the State to prove use of drug paraphernalia to introduce controlled substances into the body. This difference in statutory elements is sufficient to limit the prosecutor's discretion, and therefore there is no equal protection violation. *See Fountain*, at 194.

---

[4]*See, e.g., State v. Greco*, 57 Wn. App. 196, 204, 787 P.2d 940, *review denied,* 114 Wn.2d 1027 (1990); *State v. Thorpe*, 51 Wn. App. 582, 587, 754 P.2d 1050, *review denied,* 111 Wn.2d 1012 (1988); *State v. Hupe*, 50 Wn. App. 277, 279-80, 748 P.2d 263, *review denied,* 110 Wn.2d 1019 (1988).

Judgment reversed.

GROSSE, C.J., and WEBSTER, J., concur.

Reconsideration denied October 9, 1991.

Review denied at 118 Wn.2d 1019 (1992).