[No. 26786-8-I.   Division One.   May 18, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT DON LIEWER, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for respondent.

SCHOLFIELD, J. — Scott Don Liewer appeals his conviction on one count of bribery pursuant to RCW 9A.68.010. We affirm.

### FACTS

On November 10, 1989, J.R., following a 1-car accident, was cited by Seattle police officers for negligent driving and driving while intoxicated. On November 13, J.R. received a phone call from an individual who identified himself as "Andy" and said that he had her citations in his possession. He stated that he worked with the Seattle Police Department and that the tickets could be disposed of for $650. J.R. then contacted a Tukwila police officer, who put her in touch with Sergeant Sanford of the Seattle Police Department. Sanford made arrangements to put a tap on J.R.'s telephone.

When "Andy" called again, J.R. agreed to meet with him at the International House of Pancakes at 11th and Madison at 8:30 p.m. on November 22, 1989. J.R. cooperated with the police department and had a recorder concealed on her person for the meeting. She was given $450 by Sergeant Sanford to use in the transaction.[1]

J.R. entered the pancake house on schedule and was soon contacted by "Andy", whom she identified in court as the defendant, Scott Liewer. She told Liewer she had the money, and Liewer then went outside the restaurant and

---

[1] J.R. had bargained "Andy" down to $450 from an initial asking price of $650.

returned a short time later with the citations. He handed them to J.R. in exchange for the money. Liewer gave J.R. his true name and phone number and assured her that she would not get a court date.

Sergeant Sanford and another detective waited in a van outside the pancake house and observed Liewer when he entered the restaurant and made contact with J.R. When Liewer left the restaurant, two officers approached him, and he then tried to run away. The officers pursued, and he was apprehended a short time later. After his arrest, Liewer's hands were tested for traces of fluorescent powder that had been placed on the money, and the result was a positive indication that he had handled the treated money.

The case was turned over to the fraud division of the King County Prosecuting Attorney's office, and Liewer was charged with bribery under RCW 9A.68.010(1)(b).

Liewer was employed as a work-study assistant for the Seattle Municipal Court at the time of the events involved in this case. His formal title was "administrative specialist assistant", and he worked approximately 10 to 15 hours per week. His job duties were to pick up citations from different floors of the building, remove excess copies and carbons, alphabetize the citations, and separate the civil from the criminal infractions. He would then deliver the criminal citations to data processing so that they could be entered into the computer system.

## EQUAL PROTECTION

Liewer was convicted by a jury in June 1990. One of his arguments on appeal is that the bribery charge should have been dismissed on equal protection grounds. He contends that because the prosecutor had unfettered discretion to charge him with either a felony or a misdemeanor for the same conduct, his right to equal protection has been violated.

He argues that the same conduct punishable as a felony under the bribery statute is punishable as a nonfelony under three other statutes: official misconduct, as defined in RCW 9A.80.010; misconduct of a public officer, as defined in

RCW 42.20.010; and failure of duty by a public officer pursuant to RCW 42.20.100.

RCW 9A.68.010(1)(b) reads as follows:

(1) A person is guilty of bribery if:

. . . .

(b) Being a public servant, he requests, accepts, or agrees to accept any pecuniary benefit pursuant to an agreement or understanding that his vote, opinion, judgment, exercise of discretion, or other action as a public servant will be used to secure or attempt to secure a particular result in a particular matter.

RCW 9A.80.010(1) provides as follows:

A public servant is guilty of official misconduct if, with intent to obtain a benefit or to deprive another person of a lawful right or privilege:

(a) He intentionally commits an unauthorized act under color of law; or

(b) He intentionally refrains from performing a duty imposed upon him by law.

RCW 42.20.010 provides as follows:

Every public officer who shall —

(1) Ask or receive, directly or indirectly, any compensation, gratuity, or reward, or promise thereof, for omitting or deferring the performance of any official duty; or for any official service which has not been actually rendered, except in case of charges for prospective costs or fees demandable in advance in a case allowed by law; or

(2) Be beneficially interested, directly or indirectly, in any contract, sale, lease, or purchase which may be made by, through or under the supervision of such officer, . . . or

(3) Employ or use any person, money, or property under his official control or direction, or in his official custody, for the private benefit or gain of himself or another;

Shall be guilty of a gross misdemeanor . . ..

RCW 42.20.100 provides as follows:

Whenever any duty is enjoined by law upon any public officer or other person holding any public trust or employment, their wilful neglect to perform such duty, except where otherwise specially provided for, shall be a misdemeanor.

Equal protection is violated when two statutes declare the same acts to be crimes, but the penalty is more severe under one statute than the other. *State v. Leech*, 114 Wn.2d

700, 711, 790 P.2d 160 (1990); *State v. Williams*, 62 Wn. App. 748, 754, 815 P.2d 825 (1991), *review denied*, 118 Wn.2d 1019 (1992). There is no equal protection violation, however, when the crimes the prosecutor has the discretion to charge have different elements. *Leech*, at 711; *Kennewick v. Fountain*, 116 Wn.2d 189, 193, 802 P.2d 1371 (1991); *Williams*, at 754. Where there are differing elements between offenses, the prosecutor's discretion is limited by consideration of which elements can be proved in the particular case. *Fountain*, at 193.

An examination of the above statutes reveals that the offense of bribery differs from the other offenses in significant respects. Under the relevant provision of the bribery statute, the State is required to prove an agreement or understanding. RCW 9A.68.010(1)(b). None of the other statutes contain this element. *See* RCW 9A.80.010; RCW 42.20-.010; RCW 42.20.100. RCW 9A.80.010 applies to public servants, as does the bribery statute, but involves different elements because it does not require an agreement. It is also different in that it requires an unlawful act or an intentional failure to perform a required duty. The bribery statute does not require an unlawful act or an intentional failure to perform.

RCW 42.20.010 is not applicable in this case because its application is limited to "public officer[s]", which is defined under RCW 9A.04.110(13) as follows:

> "Officer" and "public officer" means a person holding office under a city, county, or state government, or the federal government who performs a public function and in so doing is vested with the exercise of some sovereign power of government, and includes all assistants, deputies, clerks, and employees of any public officer and all persons lawfully exercising or assuming to exercise any of the powers or functions of a public officer;

The clerical chores being performed by Liewer at the time involved in this case do not meet the definition of those performed by a public officer.

RCW 42.20.100 is not applicable because it is directed to the misconduct of a public officer or "other person holding any

public trust or employment". It punishes only a "wilful neglect to perform" a duty imposed by law upon that person. Requesting or accepting pecuniary benefits is not involved. Furthermore, no agreement is required by RCW 42.20.100.

It follows that these differences in elements between the bribery statute on the one hand, and the other three statutes cited by Liewer, limited the prosecutor's discretion, and thus, Liewer was not denied equal protection by being charged with bribery. *See Williams*, 62 Wn. App. at 754; *State v. Greco*, 57 Wn. App. 196, 203, 787 P.2d 940 (defendant charged with bribery instead of misconduct of a public officer was not denied equal protection because two statutes carried different elements), *review denied*, 114 Wn.2d 1027 (1990).

STATUTES NOT CONCURRENT

■ Liewer argues he was improperly charged with bribery, which he labels a "general" offense, because any one of three more specific statutes was applicable. Two statutes are concurrent where each violation of the special statute results in a violation of the general statute. *State v. Shriner*, 101 Wn.2d 576, 681 P.2d 237 (1984); *Williams*, 62 Wn. App. at 750. If statutes are concurrent, the special statute applies to the exclusion of the general. *Greco*, 57 Wn. App. at 204.

Assuming for the sake of discussion that the bribery statute may be classified as a "general statute", it is not concurrent with any of the other three statutes relied upon by Liewer. For a public servant to be convicted of bribery, the State must prove the elements of corrupt intent and an agreement to accomplish a particular result. RCW 9A.68.010(1)(b); *Greco*, 57 Wn. App. at 204. Proof of the crime of official misconduct under RCW 9A.80.010(1) does not require evidence of an agreement or understanding. This element is also not included in the offense of misconduct of a public officer (RCW 42.20.010) or failure to perform a duty of a public officer. *See* RCW 42.20.100. Further, neither RCW 42.20.010 nor RCW 42.20.100 requires the element of corrupt intent. *Greco*, at 204. It is possible for a defendant to violate any one of these three statutes without committing bribery, and that is fatal to

Liewer's contention that any of them is concurrent with the bribery statute.

### LESSER INCLUDED OFFENSE INSTRUCTION

■ Lastly, Liewer contends that RCW 9A.80.010, RCW 42.20.010, and RCW 42.20.100 are lesser included offenses of bribery and that the trial court erred in refusing to so instruct the jury. A defendant is entitled to an instruction on a lesser included offense if (1) each element of the offense is a necessary element of the offense charged and (2) the evidence supports an inference that only the lesser included offense was committed. *State v. Speece*, 115 Wn.2d 360, 362, 798 P.2d 294 (1990).

None of the three statutes relied upon by Liewer is a lesser included offense of bribery because they all contain elements not needed for a conviction under the bribery statute.

RCW 9A.80.010 requires proof of an unauthorized act or intentional failure to perform a required duty. These are elements not required to prove a case of bribery under RCW 9A.68.010(1)(b).

RCW 42.20.010 applies only to public officers, and Liewer was not a public officer at the time of the offense. Thus, he was not chargeable under this statute.

A violation of RCW 42.20.100 is established by proof of willful neglect to perform a duty required by law. Such proof is not sufficient to prove a violation of the bribery statute, which requires proof of an agreement and the element of corrupt intent. *See Greco*, at 204.

None of the statutes relied upon by Liewer describes lesser included offenses.

The judgment is affirmed.

PEKELIS and AGID, JJ., concur.