[No. 11778-2-III.   Division Three.   June 9, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. CRISTOBAL
MARQUEZ, *Appellant.*

*Rembert Ryals,* for appellant.

*Dennis DeFelice, Prosecuting Attorney,* and *Charles E.
Maddock, Deputy,* for respondent.

SWEENEY, J. — Cristobal Marquez appeals his conviction
for unlawful delivery of cocaine. He contends RCW 69.50-
.401(a) permits imposition of different sentences for the
same crime in violation of his right to equal protection. Pro
se he also contends that the amended information was defec-
tive because it did not contain an essential statutory ele-
ment of the crime. We find no error and affirm.

## Factual Background

Tri-City Metro Drug Task Force officers arrested Mr. Marquez for delivering cocaine to a confidential informant. The Franklin County Prosecutor's office filed an information charging Mr. Marquez with unlawful delivery of "a controlled substance, to-wit: a narcotic from schedule I or II . . .". Because Mr. Marquez had no prior criminal history, the standard sentencing range for that offense is 12 months 1 day to 14 months. He pleaded not guilty. On the day of trial, the State filed an amended information charging Mr. Marquez with unlawful delivery of "a controlled substance, to-wit: *cocaine* . . .". (Italics ours.) The effect of the amendment was to increase the standard sentencing range to 21 to 27 months. RCW 9.94A.310, .320.

A jury found Mr. Marquez guilty of the amended charge. The trial court sentenced him to 21 months. We granted his motion for accelerated disposition of the appeal. RAP 18.12.

## Equal Protection Clause

Mr. Marquez was charged in both the original information and the amended information with violating RCW 69.50.401:

(a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
(1) Any person who violates this subsection with respect to:
(i) a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than ten years, . . .;

Because the statute under which he was charged permitted different sentences for the same crime, Mr. Marquez contends his right to equal protection under both the United States Constitution[1] and the Washington State Constitution[2]

---

[1]"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. 14, § 1.

[2]"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." Const. art. 1, § 12.

was violated. He relies on *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970) and *Olson v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956). However, *Zornes* was overruled in *Kennewick v. Fountain*, 116 Wn.2d 189, 802 P.2d 1371 (1991).

In *Kennewick*, the defendant was charged with aiding and abetting the crime of driving while under the influence of alcohol. The District Court dismissed the charge as a violation of her right to equal protection because the same conduct under a second statute was only a civil traffic infraction punishable by a small fine. The Superior Court affirmed the dismissal. Relying on *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979), the Supreme Court reversed and remanded finding no "difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion exercised when choosing one of two statutes with identical elements." *Kennewick*, at 193. A prosecutor may properly consider the penalties for various charges without violating an equal protection clause. *Kennewick*, at 193.

In *Batchelder*, the defendant was convicted of violating a statute which carried a 5-year maximum sentence. The same conduct was punishable under a second statute by a maximum sentence of 2 years. Notwithstanding the disparate sentencing, the court affirmed the conviction holding that: "Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced." *Batchelder*, 442 U.S. at 125.

Here, both the information and the amended information charged Mr. Marquez with violation of the same statute, RCW 69.50.401(a)(1)(i); the maximum sentence remained the same, 10 years. The amended information merely enabled the court to impose a longer sentence. RCW 9.94A.320 classifies the crime of delivery of cocaine at a seriousness level of 8; delivery of a schedule I or II substance is a seriousness level

6. Mr. Marquez has no constitutional right to choose his penalty. *Batchelder*, 442 U.S. at 125.

## ESSENTIAL ELEMENT

Pro se Mr. Marquez contends the amended information omitted an essential statutory element of the crime, "a narcotic from Schedule I or II". RCW 69.50.401(a)(1)(i) prohibits delivery of "a controlled substance classified in Schedule I or II which is a narcotic drug . . .". The original information contained the language, "a narcotic from schedule I or II"; the amended information omitted this language and substituted the word "cocaine". Because the language "a controlled substance classified in Schedule I or II" is in the statute, Mr. Marquez argues it is an essential element of the crime and, therefore, must be included in the information. He relies on *State v. Hopper*, 58 Wn. App. 210, 792 P.2d 171 (1990).

The Court of Appeals decision in *Hopper* has been reversed. *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992). In *Hopper*, an information charging second degree assault omitted the statutory element "knowingly". The Supreme Court held the defendant was not prejudiced by the omission because the term "assault" includes the concept of knowing conduct. *Hopper*, 118 Wn.2d at 159.

Here, cocaine is a schedule II narcotic drug. RCW 69.50.206(b)(5). The words "a narcotic from schedule I or II" would add nothing to the amended information. The essential statutory elements are properly set out in the amended information and Mr. Marquez was fully informed of the elements of the offense charged.

We affirm.

THOMPSON, A.C.J., and MUNSON, J., concur.