[No. 25312-1-III.  Division Three.  May 29, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. BENJAMIN HOWARD ROWELL, *Appellant*.

*Susan M. Gasch* (of *Gasch Law Office*), for appellant.

*Andrew K. Miller, Prosecuting Attorney,* and *Terry J. Bloor, Deputy,* for respondent.

¶1 SWEENEY, C.J. — This appeal follows a conviction for possession of methamphetamine. The police stopped Benjamin Rowell because he was riding his bicycle without lights on a sidewalk at night. He says the lights were not required. We read RCW 46.61.780 as requiring lights. Mr. Rowell also argues that the State must prove that he knew the drugs were in his backpack. The statute (RCW 69-.50.401(1)) does not require knowledge and so the State needed to prove only possession. The court, then, properly shifted the burden to Mr. Rowell to show that the possession here was unwitting. We therefore affirm his conviction.

## FACTS

¶2 The police spotted Benjamin Rowell riding his bicycle on a sidewalk a little after 2:00 a.m. Officer Trevor Davis stopped Mr. Rowell because he did not have a light on the front of the bicycle or a reflector on the back.

¶3 The police asked for identification. Mr. Rowell had an outstanding warrant. The police arrested him. Mr. Rowell

wore a backpack underneath his coat. The police removed it and placed Mr. Rowell in the patrol car. They searched the backpack incident to arrest. Officer Davis found a small glass smoking device with residue in it. The residue was methamphetamine.

¶4 Mr. Rowell moved to suppress the methamphetamine. He argued that Washington law does not require a headlamp or reflector on a bicycle ridden at night on a sidewalk. The trial judge disagreed and denied his motion.

¶5 A jury convicted Mr. Rowell of possession of a controlled substance and bail jumping. He appeals the conviction for possession only.

## DISCUSSION

Traffic Citation

¶6 Mr. Rowell argues that the law that requires lights and reflectors (RCW 46.61.780) applies only to bicycles on highways or bike paths. He notes that he was riding his bike on a sidewalk. And so he concludes that he was not required to have a front light or a rear reflector. He argues that the traffic stop was therefore illegal. And the drugs found from the illegal stop should have been suppressed.

■ ■ ¶7 We review statutory interpretation de novo. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). We look only to the language of the statute if the language is unambiguous. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003).

■ ¶8 The statute at issue here says: "[e]*very bicycle when in use during the hours of darkness* . . . shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least five hundred feet . . . and with a red reflector on the rear." RCW 46.61.780 (emphasis added). So every bicycle ridden at night should have the proper equipment: specifically, a light on the front and a reflector on the back. RCW 46.61.780; *Bauman v. Crawford*, 104 Wn.2d 241, 242-43, 704 P.2d 1181 (1985).

¶9 Mr. Rowell argues that this statute applies only to bicycles ridden at night on a highway or bicycle pathway. He argues from RCW 46.61.750(2) that "regulations applicable to bicycles apply whenever a bicycle is operated upon any highway or upon any bicycle path, subject to those exceptions stated herein." And RCW 46.61.780 has an exception: "[e]very bicycle when in use during the hours of darkness . . . shall be equipped with a lamp on the front . . . and . . . a red reflector on the rear."

¶10 Mr. Rowell did not have the required front lamp and rear red reflector when the police stopped him a little after 2:00 a.m. RCW 46.61.780; *Crawford*, 104 Wn.2d at 242-43; Report of Proceedings (May 12, 2006) at 19-20. And the court properly refused to suppress the drug evidence here since the police stop for the traffic citation was valid.

UNWITTING POSSESSION INSTRUCTION

■ ¶11 Mr. Rowell next argues that the court's unwitting possession instruction erroneously shifted the burden of proof to him. He relies on *State v. Carter*[1] for the proposition that the State had to prove knowledge and it was not his burden to prove that his possession was unwitting. "Whether a jury instruction correctly states the applicable law is a question of law that we review de novo." *State v. Cuble*, 109 Wn. App. 362, 368, 35 P.3d 404 (2001); *State v. Scherz*, 107 Wn. App. 427, 431, 27 P.3d 252 (2001). The court instructed the jury that:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession or did not know the nature of the substance.
>
> The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be per-

---

[1] *State v. Carter*, 127 Wn. App. 713, 718, 112 P.3d 561 (2005).

suaded, considering all of the evidence in the case, that it is more probably true than not true.

Clerk's Papers at 69.

¶12 This is the correct jury instruction for unwitting possession of methamphetamine. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 52.01 (2d ed. 1994); *State v. Pierce*, 134 Wn. App. 763, 774, 142 P.3d 610 (2006). *Carter* is distinguishable. *Carter*, 127 Wn. App. at 715-21. In *Carter*, the defendant was charged with possession of a firearm. *Id.* at 715. That crime has a knowledge element. *Id.* at 718-19; RCW 9.41.040(1)(a). In *Carter*, the defendant claimed that the flawed jury instruction "shifted the burden of proving the knowledge element from the State to the defense." *Id.* at 717. That was contrary to *State v. Anderson*.[2] In *Anderson*, our Supreme Court determined that for the crime of unlawful possession of a firearm, the legislature " 'intended to place the burden on the State to prove a culpable mental state.' " *Carter*, 127 Wn. App. at 717 (quoting *Anderson*, 141 Wn.2d at 366).

¶13 This is not the case here. The State charged Mr. Rowell with possession of a controlled substance. "Knowledge" is not an element of that crime. RCW 69.50-.401(1); *State v. Bradshaw*, 152 Wn.2d 528, 530-40, 98 P.3d 1190 (2004). The *Carter* case involved a different crime and a different instruction. *Carter*, 127 Wn. App. at 715-18.

¶14 Here, once the State proves the elements of unlawful possession of a controlled substance, the burden then falls on the defendant to prove the affirmative defense of unwitting possession. *Bradshaw*, 152 Wn.2d at 538; *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994). The affirmative defense of unwitting possession "does not improperly shift the burden of proof." *Bradshaw*, 152 Wn.2d at 538. Instead, it is a " 'judicially created affirmative defense that may excuse the defendant's behavior, notwithstanding the defendant's violation of the letter of the statute.' " *State*

---

[2] *State v. Anderson*, 141 Wn.2d 357, 5 P.3d 1247 (2000).

*v. Buford*, 93 Wn. App. 149, 151-52, 967 P.2d 548 (1998) (quoting *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931 (1998)); *Staley*, 123 Wn.2d at 799.

INEFFECTIVE ASSISTANCE OF COUNSEL

¶15 Finally, Mr. Rowell contends that he received ineffective assistance of counsel because the jury was given the unwitting possession instruction. We have answered that contention. Mr. Rowell also asserts that the amount of methamphetamine found was so small it could not be weighed. It could only be tested. Mr. Rowell argues that a case involving only the residue of a drug coupled with an erroneous instruction that shifted the burden of proof requires reversal and remand for a new trial.

¶16 We review claims for ineffective assistance of counsel de novo. *State v. Shaver*, 116 Wn. App. 375, 382, 65 P.3d 688 (2003). We have held that the charge of possession with intent to deliver requires enough of the drug to deliver. *State v. McPherson*, 111 Wn. App. 747, 759-60, 46 P.3d 284 (2002). So residue only is not enough to support a conviction of possession with intent to deliver. *Id.* at 759. But the charge and conviction here is for simple possession. And since neither the statute nor case law sets a minimum amount, we are hard pressed to conclude there is a minimum amount required for bare possession. RCW 69.50-.401(1); *Bradshaw*, 152 Wn.2d at 532-40; *Staley*, 123 Wn.2d at 798-99. We accordingly conclude that residue is sufficient to support a conviction for simple possession. *State v. Williams*, 62 Wn. App. 748, 751, 815 P.2d 825 (1991).

¶17 We affirm the conviction.

SCHULTHEIS, J., and KATO, J. PRO TEM., concur.

Review denied at 163 Wn.2d 1013 (2008).