180 P.3d 196 (2008)
STATE of Washington, Appellant,
v.
Thomas Chad O'MEARA, Respondent.
No. 36194-9-II.
Court of Appeals of Washington, Division 2.
March 25, 2008.
Juelanne B. Dalzell, Attorney at Law, Prosecuting Attorney, Port Townsend, WA, for Appellant.
Thomas E. Weaver Jr., Attorney at Law, Bremerton, WA, for Respondent.
VAN DEREN, A.C.J.
¶ 1 The State of Washington appeals the trial court's dismissal with prejudice of its charge against Thomas Chad O'Meara for unlawful use of drug paraphernalia. The *197 State contends that it had asserted a prima facie case, therefore, granting the juvenile defendant's pretrial motion for dismissal was error. Holding that the trial court's dismissal with prejudice was error, we reverse the trial court's order and remand for further proceedings.

FACTS
¶ 2 On March 1, 2007, the police arrested O'Meara on outstanding warrants unrelated to this appeal. While searching O'Meara incident to his arrest, the police discovered a plastic baggie containing marijuana, a playing card tin allegedly containing marijuana residue, and a smoking pipe allegedly containing marijuana residue. The State charged O'Meara with one count of possession of marijuana in violation of RCW 69.50.4014 and one count of use of drug paraphernalia in violation of RCW 69.50.4121. O'Meara pleaded guilty to possession of marijuana, but moved for dismissal of the use of drug paraphernalia charge under State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986), asserting that RCW 69.50.412[1] "does not prohibit the mere possession of drug paraphernalia but rather prohibits its use." Clerk's Papers (CP) at 5-6.
¶ 3 At the hearing on the Knapstad motion, the trial court questioned the construction of RCW 69.50.412 and interpreted prior cases to hold that, in order to infer use from possession of drug paraphernalia, the State must offer some evidence that the possessor was under the influence of the drug when found with the paraphernalia. The trial court noted that O'Meara had been found with a playing card tin and pipe  both allegedly containing marijuana residue  and acknowledged that it was unlawful to use drug paraphernalia to either store or inhale a controlled substance. But the trial court ruled that:
I was very tempted to go in the direction that [the State suggested by] saying, well, having the marijuana in the [playing card tin] itself is using drug paraphernalia to store a controlled substance. But none of these other cases went that direction. . . . I don't know that you can do that.
. . . .
. . . [T]here wasn't anything in [O'Meara's] behavior to indicate that he had used [the pipe]. There's doubt in my mind that [he] had used it, but, under the facts of the case, the facts as presented, there's no indication  [t]here's no bizarre behavior or the fact that [he was] under the influence or anything like that in the report. And so I can't find that he had used the pipe.
Report of Proceedings (RP) (Apr. 12, 2007) at 7-8.
¶ 4 The trial court sentenced O'Meara to twelve months of community supervision with conditions and five days of community restitution work for unlawful possession of marijuana. It granted O'Meara's Knapstad motion and dismissed the charge of unlawful use of drug paraphernalia with prejudice.[2]
¶ 5 The State appeals.

ANALYSIS
¶ 6 The State argues that the trial court erred by dismissing the charge against O'Meara for use of drug paraphernalia with prejudice. O'Meara argues that the State's undisputed factual allegations do not establish a prima facie case of guilt. On review, we will affirm the trial court's dismissal under Knapstad if no rational fact finder could have found the essential elements of the crime of unlawful use of drug paraphernalia beyond a reasonable doubt. See State v. Wilhelm, 78 Wash.App. 188, 191, 896 P.2d 105 (1995). "We review a trial court's legal conclusions de novo. State v. Radcliffe, 139 *198 Wash.App. 214, 219, 159 P.3d 486 (2007)." A trial court's decision to dismiss under Knapstad is reviewed de novo, and we view the facts and all reasonable inferences in the light most favorable to the State. State v. Missieur, 140 Wash.App. 181, 184, 165 P.3d 381 (2007).
¶ 7 To prevail on a motion to dismiss under Knapstad, the defendant must establish that "there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt." Knapstad, 107 Wash.2d at 356, 729 P.2d 48. "The State can defeat the motion by filing an affidavit which specifically denies the material facts alleged in the defendant's affidavit. If material factual allegations in the motion are denied or disputed by the State, denial of the motion to dismiss is mandatory." State v. Groom, 133 Wash.2d 679, 684, 947 P.2d 240 (1997) (quoting Knapstad, 107 Wash.2d at 356, 729 P.2d 48). "A dismissal and discharge under this procedure is not a bar to a subsequent prosecution for the same offense based on additional evidence." Knapstad, 107 Wash.2d at 357, 729 P.2d 48. When a Knapstad motion is properly granted, the dismissal is to be without prejudice. See Knapstad, 107 Wash.2d at 357, 729 P.2d 48; State v. Carter, 138 Wash.App. 350, 368, 157 P.3d 420 (2007); State v. Freigang, 115 Wash.App. 496, 502, 61 P.3d 343 (2002). Thus, the trial court's dismissal under Knapstad with prejudice was error.
¶ 8 Turning to the substance of the charge of unlawful use of drug paraphernalia, we first review the statute's plain language in light of the charged crime. The applicable elements of a violation of RCW 69.50.412(1) under the facts alleged here are: (1) use of drug paraphernalia (as defined in RCW 69.50.102(a));[3] (2) to "store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body"; and (3) a controlled substance. See, e.g., State v. Williams, 62 Wash.App. 748, 751-52, 815 P.2d 825 (1991).
¶ 9 The State points to RCW 69.50.102(b) that lists 14 factors that should be considered "[i]n determining whether an object is drug paraphernalia . . . in addition to all other logically relevant factors." The State specifically relies on factors (4) and (5) involving the "proximity of the object to controlled substances" and the "existence of any residue of controlled substances on the object." See RCW 69.50.102(b).
¶ 10 Here, the plastic baggie containing marijuana, the playing card tin, and the pipe were all found together in O'Meara's backpack. Both the playing card tin and the pipe appeared to contain marijuana residue. And "[c]ircumstantial evidence provides as reliable a basis for findings as direct evidence." State v. Bright, 129 Wash.2d 257, 270, 916 P.2d 922 (1996). Therefore, a rational trier of fact could conclude beyond a reasonable doubt that O'Meara used the playing card tin for storage of marijuana and used the pipe to inhale marijuana, both of which are violations of RCW 69.50.412. See State v. Neeley, 113 Wash.App. 100, 108, 52 P.3d 539 (2002) (noting that the RCW 69.50.102(b) factors can establish an inference that paraphernalia was used); Williams, 62 Wash.App. at 752-53, 815 P.2d 825 (noting that the existence of residue of controlled substances on an object will support an inference that the object is drug paraphernalia).
¶ 11 O'Meara relies on In re Dowling, 98 Wash.2d 542, 656 P.2d 497 (1983), overruled on other grounds by State v. Collins, 112 Wash.2d 303, 771 P.2d 350 (1989), to also argue that even if we reverse the dismissal of the unlawful use of drug paraphernalia charge and remand for further proceedings, trial on this charge would amount to double jeopardy. But this argument was not raised below and did not form the basis of the trial court's decision to dismiss the use of drug paraphernalia charge and it is not fully *199 briefed or argued on appeal. Thus, we do not further discuss it.
¶ 12 We conclude that it was error for the trial court to dismiss the charge of unlawful use of drug paraphernalia against O'Meara with prejudice before trial.
¶ 13 We reverse the trial court's dismissal of the charge of use of drug paraphernalia with prejudice and remand for further proceedings.
We concur: QUINN-BRINTNALL and PENOYAR, JJ.
NOTES
[1] The information refers to RCW 69.50.4121 but, on appeal, the State explains this discrepancy as a "scrivener's error" and admits the proper statute was RCW 69.50.412. Br. of Appellant at 2. RCW 69.50.412(1) states, in pertinent part: "It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." The information charging O'Meara mirrored the language of RCW 69.50.412 quoted here.
[2] The trial court's order granting O'Meara's motion is attached to the notice of appeal.
[3] RCW 69.50.102(a) states, in pertinent part, that:

As used in this chapter, "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance.