[No. 41704. En Banc. June 17, 1971.]

THE STATE OF WASHINGTON, *Petitioner*, v. GERALD LOWELL LARKINS, *Respondent*.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for petitioner.

*George W. Dixon,* for respondent (appointed counsel for appeal).

STAFFORD, J.—A jury convicted Gerald Lowell Larkins of the crime of illegal possession of a narcotic drug, namely Pethidine (Meperidine, Isonipecaine), also known as

Demerol.[1] The Court of Appeals reversed the conviction in *State v. Larkins*, 3 Wn. App. 203, 473 P.2d 854 (1970). This court granted the state's petition to review and the matter is now before us on appeal.

In the early morning hours of April 17, 1968, the defendant was observed sitting in the rear seat of an unlighted car parked immediately outside the locked gate of a cemetery. The arresting officers described him as being in an intoxicated condition, apparently from the use of narcotic drugs. He was arrested for the crime of "loitering".

During the routine search that followed, the arresting officers found a bottle labeled "Demerol" secreted in the crotch of defendant's underwear. The bottle was of a type used exclusively by pharmacists and unavailable to the general public. Although apparently empty, a powdery residue was visible around the neck and in the bottom of the container. Examination by a toxicologist revealed the bottle contained from 8 to 10 milligrams of Demerol.

The evidence indicates that each pill kept in such a pharmaceutical bottle contains 50 milligrams of Demerol. Thus, at the time of arrest, the defendant possessed approximately one-fifth of the amount of Demerol normally found in one tablet.

The defendant has assigned error to the trial court's ruling that "mere possession, regardless of the amount" is sufficient to sustain a conviction for "unlawful possession of a narcotic drug." He contends drugs are defined as "narcotic" because of their effect when used.[2] Thus, he argues, it is not

---

[1] RCW 69.33.230. "It shall be unlawful for any person to . . . *possess* . . . *any* narcotic drug, except as authorized in this chapter." (Italics ours.)

[2] RCW 69.33.220 (14).

"Narcotic drugs" means coca leaves, opium, cannabis and every other substance neither chemically nor physically distinguishable from them; any other drugs to which the federal laws relating to narcotic drugs may now apply; and any drug found by the board of pharmacy, after reasonable notice and opportunity for hearing, to *have addiction-forming or addiction-sustaining* liability similar to morphine or cocaine .. . .

(Italics ours.)

RCW 69.33.220 was amended in 1969 to provide for the elimination

unlawful for one to possess a substance classified as a narcotic drug if it is held in such small quantity that its use could have no addiction-forming or addiction-sustaining effect.

The Court of Appeals considered defendant's argument, observed that the legislature had established no minimal quantifying amount of a narcotic drug, possession of which would be illegal, and held in *State v. Larkins, supra,* at 205:

> We believe the correct rule to be that the substance used as the basis for prosecution must be of such a *quantity and quality* as to be *susceptible* of use as a narcotic.

(Italics ours.)

▇ The standard suggested by the defendant does violence to the clear language of RCW 69.33.230. Although the legislature had the power to do so, it provided no minimum amount of a narcotic drug, possession of which would sustain a conviction. It adopted no "usable amount" test. On the contrary, the legislature provided that the possession of *any* narcotic drug is unlawful unless otherwise authorized by statute. RCW 69.33.230. For us to establish the minimum standard suggested would require us to substitute our wisdom for that of the legislature. This we will not do.

The defendant's theory ignores the impact of RCW 69.33.220(14) which defines narcotic drugs. A drug's classification as a narcotic is based upon a *finding of the Board of Pharmacy* that the drug in question is of a type that possesses addiction-forming or sustaining liability similar to morphine or cocaine. The trier of fact is not empowered to make that decision. It is only authorized to determine whether the particular substance, in evidence, falls within the classification determined by the *board* pursuant to statute. There is nothing to suggest that once the board has classified a drug as a narcotic it becomes any less narcotic by reason of its quantity, quality or manner of use.

of cannabis from the list of substances known as narcotic drugs. RCW 69.33.220(13).

Once a substance is found to fall within the scope of the definition its mere possession is unlawful unless specifically authorized by law. RCW 69.33.230; *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124 (1961). In the instant case the defendant does not contend his possession (regardless of quantity, quality or manner of use) was authorized.

It is important to note the crime defined in RCW 69.33.230 is the unlawful *possession* of a narcotic drug, not its unlawful *use. Use* and the attendant evils sought to be remedied are dealt with in RCW 69.32.080. While both statutes deal with techniques of handling the narcotic problem, the impact of the two separate criminal statutes must not be confused.

The trial judge's ruling was not prejudicial. The defendant clearly possessed a measurable amount of a narcotic drug (*i.e.,* one-fifth of a tablet of Demerol). This was sufficient to sustain a conviction.

The defendant made other assignments of error. A review of the record and his brief indicates that the Court of Appeals properly disposed of each of them. Nothing will be gained by restating that determination of the remaining issues.

The judgment of the trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and WRIGHT, JJ., concur.