[No. 26831-1-II.   Division Two.   March 29, 2002.]

THE STATE OF WASHINGTON, *Appellant,* v. WILBERT ROSE, *Respondent.*

*Russell D. Hauge, Prosecuting Attorney,* and *Randall A. Sutton, Deputy,* for appellant.

*Joanne E. Dantonio* (of *Crawford, McGilliard, Peterson, Yelish & Dixon*), for respondent (appointed counsel for appeal).

Morgan, J. — The question in this case is whether noncompliance with CrR 3.3(f) waives the time limits prescribed by CrR 3.3. The answer is yes.

According to CrR 3.3(c)(2), a superior court must bring an in-custody defendant to trial within 60 days after arraignment, "less time elapsed in district court." According to the same rule, "time elapsed in district court" commences on the date a complaint is filed in district court and ends with the earlier of an order of dismissal or the filing of an information in superior court.

On September 28, 2000, Wilbert Rose allegedly assaulted and fondled an adult woman. On September 29, 2000, Rose was arrested and jailed. The same day, the State filed a district court complaint charging attempted third degree rape, a gross misdemeanor.

On October 11, 2000, the State filed a superior court information that elevated the charge to indecent liberties, a felony. It asked that the complaint in district court be dismissed without prejudice, and the district court granted its motion.

On October 12, 2000, the superior court appointed counsel and set bail (which Rose never posted). It took a plea of not guilty and scheduled trial for December 4, 2000. It thought that the 60-day period for trial ran until December 12, 2000, for no one informed it that the district court had been holding Rose since September 29, 2000.

On November 30, 2000, Rose filed a written objection to the timeliness of the December 4th trial date. He explains that he had neglected to mention the district court proceedings to his attorney until November 28, but once his attorney knew about those proceedings, the attorney moved promptly. Not coincidentally, the State responds, November

28 was the 60th day after arraignment, counting time elapsed in district court.

On December 4, 2000, Rose asked the trial court to schedule a hearing at which he could present and argue a motion to dismiss the case. The trial court scheduled a hearing for December 6 and, "based on both attorneys' trial schedule[s]," rescheduled trial for the same time.[1]

On December 6, 2000, Rose "orally moved to dismiss the case."[2] He argued that the December 4th trial date was untimely because of the time that had elapsed during the district court proceedings. The State argued that Rose had waived any untimeliness by not complying with CrR 3.3(f). Citing *State v. Malone*,[3] the trial court granted his motion.

■ Relying on CrR 3.3(f), the State now appeals. Although it does not claim that Rose was tried within 60 days of arraignment less time elapsed in district court, it does claim that Rose waived his right to claim that the December 4th trial date was not timely.

CrR 3.3(f) provides:

> The court shall, within 15 days of the defendant's actual arraignment in superior court, or at the omnibus hearing, set a date for trial which is within the time limits prescribed by this rule, and notify counsel for each party of the date set. . . . A party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. . . . Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date . . . is not within the time limits prescribed by this rule.[4]

By its terms, CrR 3.3(f) controls this case. The superior court set a trial date of December 4, 2000 while Rose and

---

[1] Clerk's Papers (CP) at 56. It appears that this two-day delay was ordered with the concurrence of both parties. Neither argues that it is significant here.

[2] CP at 56.

[3] *State v. Malone*, 72 Wn. App. 429, 864 P.2d 990 (1994).

[4] CrR 3.3(f)(1).

his attorney were present. Rose had 10 days to check the propriety of that date and to voice any objection to its timeliness. By not doing that, he waived his objection that the December 4th trial date was not timely.

*Malone* supports this result.[5] The defendant was charged in district court before being charged in superior court. The superior court set a trial date that was not timely under CrR 3.3(c)(2). The defendant did not object within the 10 days set forth in CrR 3.3(f). The trial court ruled that the defendant had waived his right to object to the trial date, and Division One affirmed.

An argument made by the defendant in *Malone* was "that the duty imposed upon defense counsel to disclose speedy trial facts to the court should be imposed on the prosecution as well."[6] "Recognizing that no Washington authority supports such a rule,"[7] he relied on the ABA's Standards for Criminal Justice. The *Malone* court noted the ABA's comment that if " '[a] prosecutor has a superior knowledge of the complexities of each case, the prosecutor should bring these facts . . . to the attention of the court.' "[8] The *Malone* court also noted that "this is not a situation where the prosecutor necessarily had a superior knowledge."[9] Thus, it rejected the defendant's argument.

Based on this language from *Malone*, the trial court in this case seems to have reasoned: (1) that the State has a duty to disclose district court proceedings when the State has "superior knowledge" thereof; (2) that a breach of that duty obviates the provisions of CrR 3.3(f); and (3) that the State "had superior knowledge" in the present case.[10] Thus, it declined to apply CrR 3.3(f).

[5] 72 Wn. App. at 436.

[6] *Malone*, 72 Wn. App. at 436.

[7] *Malone*, 72 Wn. App. at 436.

[8] *Malone*, 72 Wn. App. at 437 (quoting ABA, Standards For Criminal Justice std 12.8 cmt. at 12.9-12.10 (2d ed. (1980)).

[9] *Malone*, 72 Wn. App. at 437.

[10] CP at 57.

█ █ We disagree with this reasoning. A prosecutor should disclose to the superior court any knowledge that he or she has concerning district court proceedings, regardless of how the prosecutor's knowledge compares to the defense's knowledge (i.e., regardless of whether the prosecutor's knowledge is "superior" or "inferior" to the defense's knowledge). If a prosecutor fails to do that, however, the failure does not affect the application of CrR 3.3(f). The purpose of that rule is to motivate *both* parties to aid the court, regardless of what the other party knows, discloses, or otherwise does. For that reason, it applies by its terms when *either* party, *for any reason*, fails to object to the untimeliness of a trial date within the prescribed 10 days. It affects a party based on what *that* party does or fails to do, not on what the other party does or fails to do. Holding that Rose waived his right to object by not complying with CrR 3.3(f), we conclude that the trial court erred by granting his motion.

Reversed and remanded for further proceedings.

ARMSTRONG, C.J., and HUNT, J., concur.

Review denied at 147 Wn.2d 1016 (2002).