
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37191-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS JACKSON BARTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — To convict for unlawful use of drug paraphernalia under RCW

69.50.412(1), the State must prove beyond a reasonable doubt that the accused has used

drug paraphernalia in one of 21 specified ways[1] or has used it in some other way to

introduce a controlled substance other than marijuana into the human body. Possession

by itself is not a crime. We agree with Thomas Barton that the State's evidence of a glass

---

[1] Uses identified by the statute are using the drug paraphernalia to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, [or] inhale." RCW 69.50.412(1).

pipe found in his jacket proved only possession, not use.  We reverse his conviction for

use of drug paraphernalia.

FACTS AND PROCEDURAL BACKGROUND

In July 2019, Thomas Barton was arrested on an outstanding warrant by Colville

Tribal Police Officer McKenzie Shaffer, who transported him to the Okanogan County

Jail.  Upon his arrival, corrections deputies took possession of Mr. Barton's jacket and

other belongings to inventory his property.  While conducting the inventory, corrections

deputies heard an object "clink" inside Mr. Barton's jacket pocket and notified Officer

Shaffer.  Report of Proceedings (RP) at 64.  Officer Shaffer searched the jacket and

discovered, in one of its pockets, a glass pipe, a piece of folded foil, and within the foil, a

piece of folded notebook paper with a white powdery substance inside.

Officer Shaffer suspected the white substance was methamphetamine.  He knew

that the usual method of ingesting methamphetamine in crystal form is using a smoking

device, such as a pipe.  He could see that the bowl end of the pipe had been "burned at

some point."  RP at 70.

Officer Shaffer placed the foil and the folded paper with its contents into an

evidence bag that was sealed and sent to the Washington State Patrol (WSP) Crime

Laboratory.  The record is silent as to whether the pipe, which was placed in a different

evidence bag, was ever sent to the crime lab.  The State charged Mr. Barton with one

2

count of possession of a controlled substance (methamphetamine) and one count of use of drug paraphernalia.

At Mr. Barton's jury trial a few months later, a forensic scientist from the WSP crime lab testified he had received the suspected methamphetamine recovered from Mr. Barton's pocket, which he determined to be 0.1 grams of methamphetamine hydrochloride. On cross-examination, he admitted that he did not test the blue glass pipe.

The defense moved for dismissal of the use of drug paraphernalia charge for insufficient evidence, given that no test was performed on the pipe. The motion was denied.

In closing argument, the State described its evidence that the pipe had been used in a manner violating RCW 69.50.412(1) as being "how the pipe was discovered, what it was discovered with" and Officer Shaffer's testimony that "the pipe exhibited signs of use." RP at 140-41.

The jury found Mr. Barton guilty as charged. The court imposed a sentence for the drug possession count of 12 months and a day of confinement and 12 months' community custody. It imposed a sentence for the use of drug paraphernalia count of 90 days, to run concurrently. Mr. Barton appeals.

## ANALYSIS

Mr. Barton challenges the sufficiency of the evidence to prove the use of drug paraphernalia charge. Evidence is sufficient to support a conviction where, "'after

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "In determining the sufficiency of the evidence, circumstantial evidence is not to be considered any less reliable than direct evidence." *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We review the sufficiency of evidence de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

To convict for unlawful use of drug paraphernalia, the State must prove beyond a reasonable doubt that the accused has used "drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance other than marijuana." RCW 69.50.412(1). "[M]ere possession of drug paraphernalia is not a crime" under RCW 69.50.412(1). *State v. McKenna*, 91 Wn. App. 554, 563, 958 P.2d 1017 (1998); *see also State v. Lowrimore*, 67 Wn. App. 949, 959, 841 P.2d 779 (1992).

4

Reported cases have addressed the type of evidence that will support use of drug paraphernalia in the context of convictions and probable cause to arrest. In *State v. Godsey*, 131 Wn. App. 278, 286, 127 P.3d 11 (2006), after holding that the defendant's disclosure to medical personnel of his regular drug use was inadmissible, this court held that the remaining evidence—two clear pipes with burn marks, a syringe, and two zip-lock baggies containing methamphetamine residue found on his person—was insufficient to support his conviction for use of drug paraphernalia. By way of contrast, evidence that a plastic baggie containing marijuana, a playing card tin containing marijuana residue, and a smoking pipe containing marijuana residue were found together in the defendant's backpack in a search incident to arrest was held to be sufficient to support the defendant's conviction in *State v. O'Meara*, 143 Wn. App. 638, 643, 180 P.3d 196 (2008). The *O'Meara* court held that "a rational trier of fact could conclude beyond a reasonable doubt that [the defendant] used the playing card tin for storage of marijuana and used the pipe to inhale marijuana, both of which are violations of RCW 69.50.412." *Id.*

When determining whether an officer had probable cause to make an arrest, this court has held that a defendant's conduct and the time and location of the arrest can be sufficient evidence, in combination with his possession of drug paraphernalia, to support an arrest for use of the paraphernalia in violation of RCW 69.50.412(1). *See, e.g.*, *State v. Neeley*, 113 Wn. App. 100, 103, 52 P.3d 539 (2002) (passenger "bobbing her head up and down in a strange way" in a car parked late at night in an area known for drug

5

activity combined with possession of drug paraphernalia could lead an officer to reasonably infer the defendant used the paraphernalia); *Lowrimore*, 67 Wn. App. at 959 (defendant's possession of paraphernalia combined with defendant's "bizarre and emotionally unstable behavior" supported probable cause to believe the defendant used drug paraphernalia in violation of RCW 69.50.412(1)); *but see McKenna*, 91 Wn. App. at 563 (no probable cause to arrest defendant for use of drug paraphernalia under RCW 69.50.412(1) when officer found a pipe, cigarette wrapping papers, and a small set of scales in defendant's duffle bag because possession of drug paraphernalia, by itself, is not a crime).

The State urges us to find sufficient evidence here because the glass pipe was found in the same pocket of Mr. Barton's jacket as the methamphetamine, "there was evidence [the glass pipe] was burned at some point," and Office Shaffer testified that a person would "[u]sually" ingest methamphetamine in crystal form by "put[ting] it in some sort of smoking device,—ingest it by smoking it." RP at 70. The pipe was not tested for residue, however, and the photograph of the pipe that was admitted in evidence does not show residue in the glass pipe. There is no evidence Mr. Barton exhibited drug use-related behavior during the arrest, transport, or at the jail. And Mr. Barton was arrested in a public casino, not in a high drug-use area.

No. 37191-3-III
*State v. Barton*

The items found in Mr. Barton's pocket are the equivalent of the items found in

*Godsey* to be insufficient evidence of use of drug paraphernalia. His conviction for use

of drug paraphernalia in violation of RCW 69.50.412(1) is reversed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Korsmo, J.P.T.[2]

_____
Fearing, J.

---

[2] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.