IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87266-4-I |
| Appellant, | |
| v. | DIVISION ONE |
| ZACHARY IRWIN POND, | |
| Respondent. | UNPUBLISHED OPINION |

CHUNG, J. — The State charged Zachary Irwin Pond by information with one count of failure to register as a sex offender. The trial court dismissed the charge, reasoning that there was a conflict between the stated intent of recent legislative amendments to the duty to register as a juvenile offender and the legislation as it was written. The State appeals and contends that the dismissal was in error, as the court improperly applied the legislative amendments retroactively. We agree with the State and reverse and remand for further proceedings.

FACTS

On July 7, 1998, Pond was adjudicated guilty in Cowlitz County Juvenile Court of rape of a child in the first degree and child molestation in the first degree, both committed when he was 11 years old. On November 25, 2005, Pond was convicted as an adult of failing to register as a sex offender. Again, on April 18, 2007, and November 5, 2009, Pond was convicted of failing to register as a sex offender.

On April 1, 2024, the State again charged Pond with failing "to comply with the requirements of RCW 9A.44.130, and that the defendant has been convicted in this state . . . of a felony failure to register as a sex offender on two or more prior occasions; contrary to RCW 9A.44.132(1)(b)," sometime between September 6, 2023 to October 25, 2023.

Pretrial, Pond filed a motion to dismiss under State v. Knapstad,[1] arguing that because recent legislative amendments changed the language of RCW 9A.44.130 as of November 1, 2023, he was relieved of his duty to register as a sex offender. After a hearing on Pond's motion to dismiss, and the court granted the motion.

The State timely appealed.

### DISCUSSION

The State argues that the trial court erred in dismissing the charge against Pond because RCW 9A.44.144, a recently amended statute that offers relief to juvenile offenders from a duty to register, does not apply retroactively to events that occurred prior to November 1, 2023. Pond counters that the "trial court correctly applied RCW 9A.44.144 retroactively based on the legislature's intent and the remedial nature of the statute." Because Pond's obligation to register rested on an adult conviction, we hold that the amended statute does not alter the duration of his duty to register.

"A trial court's decision to dismiss under Knapstad is reviewed de novo, and we view the facts and all reasonable inferences in the light most favorable to the State." State v. O'Meara, 143 Wn. App. 638, 642, 180 P.3d 196 (2008).

---

[1] 107 Wn.2d 346, 729 P.2d 48 (1986). "Under Knapstad, a defendant may move to dismiss a criminal charge on the ground that there are no disputed material facts and the undisputed facts do not establish a prima facie case of guilt as a matter of law." State v. Bauer, 180 Wn.2d 929, 935, 329 P.3d 67 (2014).

2

Pond was charged with failure to register as a sex offender in violation of RCW 9A.44.132(1)(b). In 2023, the Washington Legislature amended the registration requirements for juveniles who committed sex offenses with Engrossed Substitute House Bill (ESHB) 1394. LAWS of 2023, ch. 150. In passing ESHB 1394, the legislature found that "successful rehabilitation of youth adjudicated of sex offenses is the best path to reducing recidivism" and that "researchers from…academic institutions found that treatment for minors convicted of sexual offenses would provide increased public safety, while registration and notification policies for minors convicted of sexual offenses failed to improve community safety." LAWS of 2023, ch. 150, § 1. Furthermore, it found that "while adults can petition for relief of registration for offenses committed as minors, the legal process is overly cumbersome, expensive, and challenging to the point that many never request removal and remain on the registry their entire lives." Id.

All sections of the statute but one[2] went into effect July 23, 2023, just prior to the charging period in this case. LAWS of 2023, ch. 150, § 12. Prior to the amendments, the statute set out the same registration requirements for adults and juveniles. Former RCW 9A.44.130(1) (2017). Relevant here, the 2023 amendments separated the registration requirements for adults and "[a]ny person who is not an adult." LAWS of 2023, ch. 150, § 5 (amending RCW 9A.44.130(1)). The amendments also added the following definition for "adult": "a person who is 18 years of age or older on the offense date or

---

[2] Discussed in greater detail below, RCW 9A.44.144, which created relief from a duty to register for juvenile offenders, became effective November 1, 2023.

3

who is convicted of and sentenced for an offense in adult court pursuant to RCW 13.04.030(1)(e)(v)[3] or 13.40.110[4]."

ESHB 1394 also amended the statutory provision that sets out the duration for the duty to register, and, as with the registration requirements, separated adults and persons who are not adults who are required to register as sex offenders. LAWS of 2023, ch. 150, § 7 (amending RCW 9A.44.140). Relevant here, RCW 9A.44.140(1) states, "For . . . . *an adult* convicted of any sex offense or kidnapping offense who has one or more prior convictions for a sex offense or kidnapping offense, the duty to register shall continue indefinitely. RCW 9A.44.140(1) (emphasis added).

The State argues on appeal that "the only relevant analysis is whether RCW 9A.44.144 applied retroactively because the only charges against Pond were based on failing to register due to a juvenile offense." But the information indicates otherwise, as it specifies that the failure to register as a sex offender was related to "two or more prior [failures to register]; contrary to RCW 9A.44.132(1)(b)," and below, in its briefing in opposition to the Knapstad motion, the State explicitly identified the basis of the information being Pond's "adult obligation to register as a sex offender."

Nonetheless, we agree with the State that the validity of the charge depends on whether Pond was convicted of a "sex offense" as an adult or as a juvenile, which determines whether he had a duty to register. While Pond was originally adjudicated guilty of the sex offense of rape of a child when he was a juvenile, a "sex offense" also

---

3 RCW 13.04.030(1)(e)(v) addresses when adult criminal courts have exclusive jurisdiction over juveniles age 16 or 17 on the date of the offense, including for rape of a child in the first degree. RCW 13.04.030(1)(e)(v)(C).
4 RCW 13.40.110 addresses when adult criminal courts may have jurisdiction over persons under age 18.

includes "[a] felony violation of RCW 9A.44.132(1) (failure to register as a sex offender) if the person has been convicted of violating RCW 9A.44.132(1) (failure to register as a sex offender) or 9A.44.130 prior to June 10, 2010, on at least one prior occasion." RCW 9.94A.030(47).[5] Under this statutory definition of "sex offense," when he was convicted in 2007, Pond was *an adult* convicted of a sex offense because he had been convicted as an adult for violating RCW 9A.44.132(1) (failure to register as a sex offender) on at least one prior occasion prior to June 10, 2010, in 2005. He again was convicted as an adult of a sex offense when he was convicted in 2009 for failing to register as a sex offender in 2007 (i.e., on at least one prior occasion prior to June 10, 2010). Accordingly, his obligation to register going forward arose from these adult convictions.[6]

Thus, during the charging period, Pond had a duty to register as a sex offender under RCW 9A.44.130(1)(a) because (1) he was "an adult convicted of [a] sex offense," based on conviction for failure to register as a sex offender in 2009, and (2) he also "ha[d] one or more prior convictions for a sex offense," based on his conviction for failure to register as a sex offender in 2007.[7] And Pond was charged under RCW

---

[5] The definitions applicable to RCW 9A.44.130 through 9A.44.145, specify that a "sex offense" can include any offense defined under RCW 9.94A.030. RCW 9A.44.128(12)(a).

[6] Pond filed a Statement of Additional Grounds for Review arguing first, that "it has yet to be proven if my Failure to Register is a gross misdemeanor or a felony." To the extent Pond's argument refers to his prior convictions, any challenge thereto is untimely so we do not consider them in this appeal. See RAP 5.2(a) (generally, a notice of appeal must be filed in the trial court within 30 days after the entry of the decision being appealed). Second, Pond contends this "court has yet to decide if this new" legislation "meets the requirements that made Houston-Sconiers [188 Wn.2d 1, 391 P.3d 409 (2017)] and Personal Restraint of Ali [196 Wn.2d 220, 474 P.3d 507 (2020)] 1) a new rule 2) of constitutional magnitude 3) that is substantive." We need not reach this contention that the recent legislative amendments are retroactive as they relate to juveniles because we conclude that Pond's duty to register—the basis for the current charge—stems from his convictions for a sex offense as an adult.

[7] The parties dispute whether a different part of ESHB 1394 that became effective November 1, 2023, applies here retroactively. This provision extinguishes existing legal obligations to register:

(1) For a person who is not an adult, any existing legal obligation to register as a sex offender is extinguished on the effective date of this section if the person no longer has a duty to register under RCW 9A.44.130(1)(b).

9A.44.132(1)(b), which provides that it is a class B felony to fail to register "[i]f a person has a duty to register under RCW 9A.44.130(1)(a) and has been convicted of a felony failure to register as a sex offender in this state . . . on two or more prior occasions," RCW 9A.44.132(1)(b), and knowingly fails to comply with any requirements of RCW 9A.44.130. RCW 9A.44.132(1). Accordingly, reviewing all facts and reasonable inferences in favor of the State, we conclude that there were sufficient facts to establish a prima facie case of guilt on the charged offense.

CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion.

_____
Chung, J.

WE CONCUR:

_____          _____
                                          Mann, J.

---

(2) For a person who has an existing legal obligation to register under RCW 9A.44.130(1)(b), the obligation shall extinguish two or three years after the last date of release from confinement . . . or entry of disposition according to the applicable registration period required under RCW 9A.44.140(4).

RCW 9A.44.144(1), (2). We need not address retroactivity because Pond would not qualify under either subsection. Subsection (1) would not apply, as the charge against him is predicated on an adult offense. Subsection (2) also would not apply because, as discussed above, during the charging period, his obligation to register was under RCW 9A.44.130(1)(a), so he did not have "an existing legal obligation to register under RCW 9A.44.130(1)(b)."